15-3052

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

HENRY UCHE OKPALA
*Appellant,*

v.

JOHN LUCIAN, et al.,
*Appellee.*

On Appeal from the United States District Court
For the District of Delaware, Case 1:14-cv-01443-RGA
(Honorable Richard G. Andrews)

### APPELLEE SERVICEMASTER OF MONTGOMERY, HOWARD, PG & WASHINGTON COUNTIES' ANSWERING BRIEF

JARED T. GREEN, ESQ. (DE5179)
**SEITZ, VAN OGTROP & GREEN, P.A.**
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
Tel: (302) 888-0600
Fax: (302) 888-0606
Email: jtgreen@svglaw.com

*Attorneys for Appellee
ServiceMaster of Montgomery, Howard, PG
& Washington Counties*

Dated: 1/11/2016

12485/80036.001

## CORPORATE DISCLOSURE STATEMENT

Pursuant to F.R.C.P. 26(1)(b), Appellee ServiceMaster of Montgomery, Howard, PG & Washington Counties states that is has no parent corporation and no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

TABLE OF CITATIONS .................................................................................. ii

SUMMARY OF ARGUMENT ......................................................................... 1

   I.  The District Court Correctly Ruled that It Lacks Personal Jurisdiction Over ServiceMaster................................................................................ 1

ARGUMENT ................................................................................................... 1

CONCLUSION ................................................................................................ 3

## TABLE OF CITATIONS

**Cases**

D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94 (3d Cir. 2009) .................................. 1

IMO Indus., Inc. v. Keikert AG, 155 F.3d 254, 259 (3d Cir. 1998) ......................... 1

**Rules**

10 Del. C. §3104(c) ..................................................................................................... 1

Federal Rule of Civil Procedure 12(b)(2) ................................................................... 2

## SUMMARY OF ARGUMENT

### I. The District Court Correctly Ruled that It Lacks Personal Jurisdiction Over ServiceMaster.

## ARGUMENT

The District Court correctly ruled that it lacks personal jurisdiction over Appellee ServiceMaster of Montgomery, Howard, PG & Washington Counties ("ServiceMaster")[1]. The actions described in Appellant's Complaint took place in Maryland. At the time, Appellant lived in Maryland. Appellees Lucian lived in Maryland and Pennsylvania. ServiceMaster is a Maryland entity. The only Delaware connection that exists is that Appellant now, after the occurrence of the facts alleged in the Complaint, lives in Delaware.

The District Court correctly held that it lacks personal jurisdiction over ServiceMaster. The Court may exercise personal jurisdiction over a non-resident defendant only if allowed under Delaware's long-arm statute and the Due Process Clause. IMO Indus., Inc. v. Keikert AG, 155 F.3d 254, 259 (3d Cir. 1998). There is no personal jurisdiction under Delaware's Long-Arm Statute. Pursuant to 10 Del. C. §3104(c), a Delaware court may exercise jurisdiction over a nonresident who does any of the following:

---

[1] While Appellant cites no standard of review, a court of appeals exercises plenary review over a district court's determination that a state lacks personal jurisdiction over a defendant. D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94 (3d Cir. 2009).

(1)   Transacts any business or performs any character of work or service in the State;

(2)   Contracts to supply services or things in this State;

(3)   Causes tortious injury in the State by an act or omission in this State;

(4)   Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5)   Has an interest in, uses or possesses real property in the State; or

(6)   Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Here, jurisdiction is lacking under any section. ServiceMaster is a Maryland entity that performs work only in Maryland. ServiceMaster has <u>no</u> contacts with Delaware, let alone sufficient minimum contacts to confer jurisdiction. Moreover, every act alleged in the Complaint took place in Maryland. As such, the Complaint was rightly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Moreover, Appellant has failed to cite to any case law or make any coherent argument whatsoever as to why or how the District Court erred.

## **CONCLUSION**

Because the District Court correctly applied the law to the facts as pleaded, and because Appellant has failed to demonstrate how or why the District Court should exercise jurisdiction over Appellee ServiceMaster, the Opinion of the District Court should be AFFIRMED.

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ Jared T. Green
JARED T. GREEN (DE 5179)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
Tel:   (302) 888-0600
Fax:  (302) 888-0606
Email:  jtgreen@svglaw.com

*Attorneys for Appellee*
*ServiceMaster of Montgomery, Howard, PG*
*& Washington Counties*

## COMBINED CERTIFICATIONS

I, Jared T. Green, do herby certify on this 11th day of January, 2016 the following:

(1)   I am an attorney admitted to practice before the United States Court of Appeals for the Third Circuit.

(2)   The Answering Brief of Appellee ServiceMaster of Montgomery, Howard, PG & Washington Counties (the "Brief") complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the Brief does not exceed the thirty page limit, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); and

This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point (with serifs) Times New Roman font.

(3)   On January 11, 2016, the Brief was served upon the following:

**VIA FIRST CLASS MAIL &**
**ELECTRONIC MAIL**

Henry Uche Okpala
P.O. Box 9675
Newark, DE 19714
(henryokpala@gmail.com)
   *Pro Se Appellant*

**VIA CM/ECF (E-BRIEF)**

Robert K. Beste, III, Esq.
Smith, Katzenstein & Jenkins
1000 West Street
The Brandywine Building, Suite 1501
Wilmington, DE 19801

Robert S. Cambpell, Jr., Esq.
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 500
Towson, MD 21204

>   *Attorneys for Appellee*
>   *Liberty Mutual Insurance Co.*

John E. Lucian, Esq.
Blank Rome LLP
130 North 18th Street
One Logan Square
Philadelphia, PA 19103

>   *Attorney for Appellee*
>   *John E. Lucian and*
>   *John Joseph Lucian*

(4) Seven hard copies of the Brief were delivered to the Clerk's Office the same day the E-Brief was transmitted ("Hard Copies").

(5) E-Brief and Hard Copies of the Brief are identical.

(6) A virus check was performed. The specific virus software is Microsoft Security Essentials and Barracuda Firewall.

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ Jared T. Green
JARED T. GREEN (DE 5179)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
Tel:   (302) 888-0600
Fax:   (302) 888-0606
Email:  jtgreen@svglaw.com

*Attorneys for Appellee*
*ServiceMaster of Montgomery, Howard,*
*PG & Washington Counties*